UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80461-Civ-Rosenberg/Brannon

STEVEN COCCARO, on behalf of
himself and all others similarly situated,

    Plaintiff,

vs.

GEICO GENERAL INSURANCE COMPANY,
a corporation,

    Defendant.

_____/



### REPORT AND RECOMMENDATION ON
### DEFENDANT'S MOTION TO DISMISS (DE 34)

THIS CAUSE is before the Court on Defendant's Motion to Dismiss (DE 34), Plaintiff's Response (DE 38), Defendant's Reply (DE 41), and the parties' supplemental briefs (DE 53, 54, 55). The matter was referred to the undersigned United States Magistrate Judge by the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida (DE 37). The undersigned has reviewed the record, heard oral argument on the matter on November 6, 2014 (DE 49), and is otherwise advised in the premises. For the reasons stated herein, the Court respectfully recommends that Defendant's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint (DE 34) be GRANTED.

### I.    BACKGROUND

Plaintiff Steven Coccaro ("Plaintiff") filed a class action complaint against Defendant GEICO General Insurance Company ("Defendant") for Defendant's alleged failure to comply with a statutory notice requirement regarding a motor vehicle insurance applicant's rejection or selection of reduced uninsured/underinsured ("UM/UIM") coverage. On October 18, 2012,

1

Plaintiff applied on the www.geico.com website for an automobile insurance policy for himself, Sharon Cocarro ("Plaintiff's wife"), and another family member. Plaintiff selected bodily injury liability coverage at $300,000 per person/$300,000 per occurrence, and UM/UIM coverage at $10,000 per person/$20,000 per occurrence. Plaintiff contends that because Defendant did not fully advise Plaintiff of the nature of the coverage he selected, as mandated by Florida Statute § 627.727, Plaintiff obtained reduced coverage. Plaintiff did not view and sign the required form, but Defendant auto-populated Plaintiff's electronic signature on the form anyway. On September 28, 2013, while the insurance policy was in full force and effect, Plaintiff's wife was injured in a motor vehicle collision caused by an UI/UIM motorist. On October 15, 2013, Defendant provided a letter to Plaintiff explaining that Plaintiff had selected UI/UIM motorist coverage limits of only $10,000 per person, and $20,000 per accident.

Plaintiff brings suit on behalf of himself and all Floridians who purchased a Florida motor vehicle insurance policy on the www.geico.com website and who were not provided and made to sign a required form that describes the UM/UIM coverage options before totally rejecting or selecting reduced coverage. Plaintiff seeks declaratory and/or injunctive relief to declare that Defendant failed to comply with Florida Statute § 627.727, to enjoin Defendant from violating such mandate in the future, to require Defendant to notify all class members of the Court's findings, and that any applicant who rejected or purchased reduced UM/UIM coverage should automatically receive stacked UM/UIM coverage limits equal to the bodily injury liability coverage limits that they each selected.

## II.   STANDARD OF REVIEW

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss for failure to

state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), while the court must consider the allegations contained in Plaintiff's complaint as true, such tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Similarly, formulaic recitations of the elements of a cause of action are insufficient. *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### III. DISCUSSION

Defendant claims that Plaintiff's complaint should be dismissed because Plaintiff lacks standing to pursue his asserted claim and that there is no private right of action for non-compliance with Florida Statute § 627.727. Plaintiff argues he has standing because he would have a loss of consortium claim if his wife brought a suit against Defendant. Plaintiff further argues that there is a future threat of imminent injury to Plaintiff and the purported class members every time they drive their automobiles because there is chance that they will be involved in an automobile accident. In addition, Plaintiff asserts that when an insurer breaches the plain language of a statute, the insurer has actually breached the insurance contract. Because the Court finds that Plaintiff lacks standing to bring this lawsuit, it will only address that issue below.

A plaintiff asserts Article III standing to sue by alleging: (1) "she has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). Where a plaintiff seeks declaratory or

3

injunctive relief . . . "the injury-in-fact requirement insists that a plaintiff allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014) (citation omitted). When seeking declaratory relief, a plaintiff must assert "a reasonable expectation" that the injury he has suffered "will continue or will be repeated in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999). A person "who has standing to bring a damages claim does not automatically have standing to litigate a claim for injunctive relief arising out of the same set of operative facts." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). However, a tort claim for loss of consortium is a derivative claim that exists only if the defendant is also liable to the spouse who is unable to provide consortium. *Gates v. Foley*, 247 So. 2d 40, 45 (Fla. 1971). A husband has no independent claim for a loss of consortium where there is no successfully adjudicated or pending claim by the injured wife. *See Id.* Finally, if a proposed class representative lacks standing to seek injunctive relief for himself, he cannot seek injunctive relief on behalf of the class. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975); *Church v. City of Huntsville*, 30 F.3d 1332, 1340 (11th Cir. 1994); *Washington v. Vogel*, 156 F.R.D. 676, 683 (M.D. Fla. 1994).

Because it does not appear that Plaintiff's wife has brought a claim against Defendant, the Court finds that Plaintiff does not have a cause of action against Defendant for a loss of consortium.[1] Furthermore, the Court finds that Plaintiff lacks Article III standing because Plaintiff has failed to demonstrate that there is a substantial likelihood he will suffer injury in the future. Here, Plaintiff must demonstrate that he faces a real and immediate threat that he will be (1) involved in a collision; (2) with an uninsured or underinsured motorist; and (3) that Plaintiff's

---

[1] The Court is unpersuaded by Plaintiff's argument that his loss of consortium claim is falls within the "bodily injury" definition of the insurance policy.

4

injuries will exceed his UM/UIM policy limits. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983) (explaining that an "[a]bstract injury is not enough" . . . and the "threat of injury must be both real and immediate"). Under those set of facts, the future threat of harm to Plaintiff does not seem imminent. Consequently, this case should be dismissed for lack of standing.

### IV.  CONCLUSION

Accordingly, it is RECOMMENDED that Defendant's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint (DE 34) be GRANTED.

### V.  NOTICE OF RIGHT TO OBJECT

In accordance with 28 U.S.C. § 636(b)(1) and the Magistrate Rules of the Local Rules of the Southern District of Florida, the parties have fourteen (14) days from the date of this Report and Recommendation within which to file and serve written objections, if any, with the Honorable Robin L. Rosenberg, United States District Judge. Failure to file objections timely shall bar the parties from attacking the factual findings contained herein on appeal. *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND RECOMMENDED** in Chambers at West Palm Beach, Florida, this 27th day of January, 2015.

DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE