**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:14-CV-80461-ROSENBERG/BRANNON**

STEVEN COCCARO,

      Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

      Defendant.

_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATIONS**

This matter is before the Court upon Defendant GEICO General Insurance Company's Motion to Dismiss Coccaro's Claim and Class Allegations with Prejudice [DE 34], which was previously referred to the Honorable Dave Lee Brannon for a Report and Recommendation. *See* DE 37. On January 27, 2015, Judge Brannon issued his Report and Recommendations, recommending that Defendant's Motion to Dismiss be granted. *See* DE 59. The Court has conducted a *de novo* review of Magistrate Judge Brannon's Report and Recommendations, has reviewed Plaintiff's Objections, has reviewed the record, and is otherwise fully advised in the premises.

Upon review, the Court finds Judge Brannon's recommendations to be well reasoned and correct. The Court agrees with the analysis in Judge Brannon's Report and Recommendations and concludes that Defendant's Motion to Dismiss should be granted for the reasons set forth therein. However, in light of Plaintiff's Objections, the Court wishes to clarify two points. First, after reviewing the Report, it is apparent to the Court that by "claim," Judge Brannon meant a claim in the instant suit, as opposed to an insurance claim. The Court agrees with his analysis in

this regard; whether or not Ms. Coccaro filed an *insurance* claim against Defendant, she has not filed a claim in the instant suit, and Plaintiff cannot premise his claims—even a derivative claim, such as loss of consortium—on her loss. *See Gates v. Foley*, 247 So. 2d 40, 45 (Fla. 1971).

Second, the Court notes that there does appear to be at least one case holding that a loss of consortium claim may fall within the scope of an uninsured motorist clause. In *Mobley v. Allstate Insurance Co.*, 276 So. 2d 495, 495 (Fla. Dist. Ct. App. 1973), a husband, the sole plaintiff, sought to recover damages for loss of consortium from his insurer under the uninsured motorist clause where his wife was injured by an uninsured motorist. The Second District Court of Appeal held that "damages for loss of consortium are as fully recoverable under an uninsured motorist clause as any other type of damages" and reversed the trial court's dismissal of the action. *Id.* at 495–96. Whether or not Plaintiff's claim for loss of consortium falls within the policy's definition of "bodily injury" in the instant action, however, is ultimately irrelevant. The Court agrees with Judge Brannon that "Plaintiff has failed to demonstrate that there is a substantial likelihood he will suffer injury in the future." DE 59 at 4.

Because the Court concludes that Plaintiff lacks standing, its inquiry ends here. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 985 (11th Cir. 2005) ("[W]e conclude that [the plaintiff] is without standing to bring this suit[.] . . . Therefore, we have no jurisdiction, nor did the district court, to examine the merits of his claims.").

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** as follows:

1. Magistrate Judge Brannon's Report and Recommendations on Defendant's Motion to Dismiss [DE 34] are hereby **ADOPTED**;
2. Defendant GEICO General Insurance Company's Motion to Dismiss Coccaro's Claim and Class Allegations with Prejudice [DE 34] is **GRANTED**;

3. Plaintiff's Amended Complaint [DE 28] is **DISMISSED WITHOUT PREJUDICE**[1]; and

4. Plaintiff's Request for Oral Argument on Its Objections to Report and Recommendation on Defendant's Motion to Dismiss (DE 60) [DE 61] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 25th day of February, 2015.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All counsel of record

---

[1] Defendant requested dismissal with prejudice. However, binding Eleventh Circuit case law requires that dismissals for lack of standing be without prejudice. *See Stalley* ex rel. *United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam). Accordingly, the dismissal is entered without prejudice.